**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
AT GAINESVILLE**

| | | |
|---|---|---|
| ERIC J. RICHARDSON, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. |
| | : | 2:10-cv-165-WCO |
| WRIGLEY MANUFACTURING | : | |
| COMPANY, LLC, | : | **JURY TRIAL DEMAND** |
| | : | |
| DEFENDANT. | : | |
| | : | |

**Joint Preliminary Report and Discovery Plan**

**1.   Description of Case**

   **(a)   Describe briefly the nature of this action.**

Plaintiff claims that he was unlawfully discharged on the basis of his disability. Defendant maintains that it was not aware of his disability and that it had a legitimate non-discriminatory reason for his termination.

   **(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff alleges that he has a medical condition. Defendant implemented a new process to measure performance. Defendants terminated Plaintiff's employment. Plaintiff claims that he was unlawfully terminated on the basis of a disability. Defendant maintains that it was not aware of Plaintiff's disability and that Plaintiff was terminated for a legitimate non-discriminatory reason.

   **(c)   The legal issues to be tried are as follows:**

Whether Plaintiff has a disability; whether Plaintiff was unlawfully terminated from employment on the basis of his alleged disability; whether Defendant

knew about Plaintiff's alleged disability; whether Defendant had a legitimate non-discriminatory reason; whether Plaintiff suffered damages.

 **(d)** There are no pending related cases or previously adjudicated related cases.

**2.** This case is not complex.

**3.** **Counsel**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiff: Angela R. Morelock, Esq.

Defendant: Thomas R. Davies, Esq.

**4.** **Jurisdiction**

There is no question regarding this court's jurisdiction.

**5.** **Parties to This Action**

 **(a)** **The following persons are necessary parties who have not been joined:**

None.

 **(b)** **The following persons are improperly joined as parties:**

None.

 **(c)** **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

There is no entity known as Mars Company. The proper name is Mars, Incorporated.

 **(d)** The parties acknowledge their continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any

>   contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. **Amendments to the Pleadings**

   **Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.**

   (a)   **List separately any amendments to the pleadings which the parties anticipate will be necessary:**

   >   Plaintiff filed a Motion to Amend the Complaint on November 15, 2010. Defendant does not oppose this motion. No other amendments are anticipated at this time.

   (b)   **Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

7. **Filing Times for Motions**

   **All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below. All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

   (a)   *Motions to Compel*: **before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

   On or before March 24, 2011 or as otherwise permitted by Local Rule 37.1

   (b)   *Summary Judgment Motions:* **within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

   April 25, 2011.

**(c)** ***Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

Not applicable at this time.

**(d)** ***Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.   Initial Disclosures**

The Parties will provide information and documents required by Fed. R. Civ. P. 26(a)(1) to opposing counsel by November 24, 2010.

**9.   Request for Scheduling Conference**

The parties do not request a scheduling conference with the Court at this time.

**10.   Discovery Period**

The parties jointly propose to the Court the following discovery plan:

(a) The parties will endeavor in good faith to commence all discovery in time to be completed as called for in the Scheduling Order.
(b) Supplementation of discovery responses under Rule 26(e) shall be due as necessary.
(c) The Discovery Period shall commence on November 24, 2010 and end on March 24, 2010.
(d) No special limitation on, or phasing of, discovery is deemed necessary at this time, other than as provided in the Scheduling Order.
(e) The parties will submit written discovery requests to one another by no later than January 7, 2011.  Unless otherwise agreed upon, the parties will submit written responses to said requests as required by the Federal Rules of Civil Procedure, but in any event no later than February 7, 2011.  Expert disclosures, however, will be outlined in the Scheduling Order.
(f) The depositions of the parties, the parties' agents and any necessary fact witnesses will be completed by March 24, 2011.

        The parties agree that no more than ten (10) party or fact witness depositions per side will be required.

(g)    The parties agree that, after Defendant takes Plaintiff's deposition and after Plaintiff takes the deposition of a Company representative, prior to taking further depositions, alternative dispute resolution will be considered. The parties also agree that the possibility of settlement remains fair.

(h)    In an effort to protect the privacy of Defendant's third-party agents and/or employees, the parties agree that an Agreed Protective Order may be drafted and submitted for the Court's approval.

**Please state below the subjects on which discovery may be needed:**

Disability; Defendant's operations, policies and procedures; Job Expectations and Requirements; Plaintiff's Job Performance; Defendant's knowledge; Damages, if any, sustained by Plaintiff.

The parties do not anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, except as noted in paragraph 10 above.

**11. Discovery Limitation**

The parties do not request limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court at this time.

**12. Other Orders**

The parties do not anticipate the need for other orders under Rule 26(c) or under Rule 16(b) and (c) at this time.

**13. Settlement Potential**

(a)    **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>November 9, 2010</u>, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

| | |
|---|---|
| For Plaintiff: | Lead counsel (signature): s/ Angela R. Morelock, Esq. |
| | Other participants: James Varner, Esq. |
| For Defendant: | Lead counsel (signature): s/ Thomas R. Davies, Esq. |
| | Other participants: Laura Bailey Gallagher, Esq. and Samantha Sherwood Bononno, Esq. |

**(b)     Following discussion by all counsel:**

The parties agree that, after Defendant takes Plaintiff's deposition and after Plaintiff takes the deposition of a Company representative, prior to taking further depositions, alternative dispute resolution will be considered. The parties also agree that the possibility of settlement remains fair.

**(c)     Additional settlement conferences**

Counsel do intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is after completion of the depositions of Plaintiff and the Company representative.

**(d)     The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14.    Trial by Magistrate Judge**

The parties do not consent to having this case tried before a magistrate judge of this court.

RESPECTFULLY SUBMITTED this 24th day of November 2010.

s/ Angela R. Morelock                                s/ Thomas R. Davies
Counsel for Plaintiff                                      Counsel for Defendant

| Angela R. Morelock Esq. | Thomas R. Davies, Esq., |

| | |
|---|---|
| GA Bar No. 521979<br>P.O. Box 11663<br>Knoxville, TN 37939<br>(865) 971-4330<br>(865) 247-0277 (facsimile)<br><br>Allen F. Townsend<br>GA Bar No. 714950<br>P.O. Box 308<br>Wildwood, GA 30757<br>(706) 820-4212<br>Attorneys for Plaintiff | Admitted Pro Hac Vice<br>Laura Bailey Gallagher, Esq.,<br>Admitted Pro Hac Vice<br>Samantha Sherwood Bononno, Esq.,<br>Admitted Pro Hac Vice<br>HARMON & DAVIES, P.C.<br>2306 Columbia Avenue<br>Lancaster, PA 17603<br>Telephone: (717) 291-2236<br>Facsimile: (717) 291-5739<br><br>Rhonda L. Klein, Esq.<br>Georgia Bar No. 425074<br>Danette Joslyn-Gaul, Esq.<br>Georgia Bar No. 405430<br>WIMBERLY, LAWSON, STECKEL,<br>SCHNEIDER & STINE, P.C.<br>Lenox Towers, Suite 400<br>3400 Peachtree Road<br>Atlanta, GA  30326<br>Telephone:  (404) 365-0900<br>Facsimile:  (404) 261-3707<br>*Attorneys for Defendant* |