**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| ERIC J. RICHARDSON, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 2:10-CV-165-RWS |
| WRIGLEY MANUFACTURING : | |
| COMPANY, LLC, : | |
| : | |
| Defendant. : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint, or, in the alternative, Motion for More Definite Statement [15] and Plaintiff's Motion to Amend Complaint [18]. After reviewing the record, the Court enters the following Order.

### **Background**

Eric Richardson ("Richardson" or "Plaintiff") was employed by Wrigley Manufacturing Company, LLC ("Wrigley" or "Defendant") as a wrapping machine operator and box stacker until his termination on April 16, 2009. (Dkt. No. [1] at ¶¶ 6, 16). Although Wrigley cited poor job performance as the reason for Plaintiff's discharge, Plaintiff, who suffers from Multiple Sclerosis, alleges

that the real reason for his discharge was his disability. (Id. at ¶¶ 7, 10, 17–20, 22–23).

On August 26, 2010, Plaintiff filed a Complaint [1] against Defendant alleging wrongful termination and violations of the Americans with Disabilities Act ("ADA"). (Id. at ¶¶ 17–23). Defendant filed its Motion to Dismiss Plaintiff's Complaint, or, in the alternative, Motion for More Definite Statement [15] on October 25, 2010, which identified a number of incorrect statutory citations in Plaintiff's Complaint [1]. (Dkt. No. [15] at ¶¶ 2–4). On November 15, 2010, Plaintiff filed his Motion to Amend Complaint and Response to Defendant's Motion to Dismiss [18].[1]

## Discussion

**I.    Standards**

A.    Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), after a responsive pleading has been filed, as it has been here, a party may amend his pleading only with leave of court or written consent of the adverse party. The Rule goes

---

[1]Plaintiff's submission is docketed twice: first as a Response to Defendant's Motion to Dismiss [17] and second as a Motion to Amend Plaintiff's Complaint [18].

2

on to provide that "[t]he court should freely give leave when justice so requires." A district court may deny an amendment, however, where the amendment is futile. Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

### B.   Motion for More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

### C.   Motion to Dismiss

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the Court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of

3

a cause of action will not do.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

## II.     Merits of the Motions

Defendant's Motion to Dismiss [15] identifies the following flaws in Plaintiff's Complaint: (1) it asserts a claim for wrongful termination "in violation of 29 U.S.C. § 1129 *et seq.*, when no such section exists in the U.S. Code; (2) it seeks relief pursuant to 29 U.S.C. § 626(b) pertaining to discrimination on the basis of age, but Plaintiff has not stated a cause of action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*; and (3) it seeks relief pursuant to 29 U.S.C. § 1920, when no such section exists in the U.S. Code.  (Dkt. [15-1] at 1-2).  Plaintiff's Motion to Amend [18] addresses most of these flaws by seeking to: (1) assert that the termination was in violation of 42 U.S.C. § 12101 *et seq.* instead of 29 U.S.C. § 1129; (2) removing a request for relief pursuant to 29 U.S.C. § 626(b) from prayer for relief part (d); and (3) replacing reference to the non-existent 29 U.S.C. § 1920 with 28 U.S.C. § 1920, which discusses the taxation of costs.

4

(Dkt. [18-1]).  Unlike Plaintiff's Complaint [1], his proposed amended complaint [18-1] seeks back pay pursuant to 42 U.S.C. § 1981a *et seq*. and 42 U.S.C. § 12117(a) and also seeks attorneys' fees pursuant to 42 U.S.C. § 12205.  However, the proposed amended complaint [18-1] still seeks back pay pursuant to 29 U.S.C. § 626(b).  Because Defendant's Motion to Dismiss objects to the inclusion of this section in Plaintiff's Complaint [1], the Court examines whether Plaintiff should be able to recover damages under ADEA Section 626(b).

While Defendant argues that "Plaintiff is not eligible for any of the remedies [he seeks] under the ADEA," Plaintiff argues that whether or not damages may be appropriate under the ADEA is not a question the Court need address on his Motion to Amend [18]. (Dkt. No. [20] at 4; Dkt. No. [21] at 2).  The Court does need to address the question at this stage, because to the extent an amendment is futile, it will not be allowed. Campbell, 166 F.3d at 1162.

Plaintiff's Complaint [1] asserts claims under the ADA and, other than the prayer for relief, makes no reference to a purported violation of the ADEA.  Plaintiff argues that relief available under the ADEA should be allowed for a violation of the ADA, but the powers, remedies, and procedures to be followed in ADA cases are those set forth in sections 2000e-4, 2000e-5, 2000e-6,

5

2000e-8, and 2000e-9 of Title VII.  42 U.S.C. § 12117; Richey v. City of Lilburn, 127 F. Supp. 2d 1250, 1257 n.8 (N.D. Ga. 1999).  Section 626(b) is a part of the ADEA and makes no reference to the ADA or Title VII.  Richey, 127 F. Supp. 2d at 1257.  Plaintiff has not cited any basis for relief pursuant to the ADEA for a violation of the ADA.

Therefore, Plaintiff's Motion to Amend Complaint [18] is **GRANTED in part**, and **DENIED in part**.  Defendant's Motion to Dismiss [15] is **DENIED in part as moot**, and **GRANTED in part**.  Plaintiff's request for damages pursuant to 29 U.S.C. § 626(b) is **DISMISSED**.  The Court will allow Plaintiff to file an amended complaint, except to the extent it seeks relief pursuant to 29 U.S.C. § 626(b).

## Conclusion

For the aforementioned reasons, Plaintiff's Motion to Amend Complaint [18] is **GRANTED in part** and **DENIED in part**. Defendant's Motion to Dismiss Plaintiff's Complaint [15] is **DENIED in part as moot**, and **GRANTED in part**. The Court will deem Plaintiff's Amended Complaint [18-1] filed as of the date of this Order. Defendant must respond to Plaintiff's Amended Complaint [18-1] in accordance with the Federal Rules of Civil

AO 72A
(Rev.8/82)

Procedure except to the extent it requests relief pursuant to 29 U.S.C. § 626(b), because such a request is futile.

**SO ORDERED**, this  3rd  day of June, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE