IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
AT GAINSVILLE

| | | |
|---|---|---|
| ERIC J. RICHARDSON, | : | |
| | : | |
| Plaintiff, | : | Case No.    2:10-CV-165-RWS |
| | : | |
| vs. | : | |
| | : | |
| WRIGLEY MANUFACTURING | : | |
| COMPANY, LLC | : | Jury Demand |
| | : | |
| | : | |
| Defendants. | : | |

## AMENDED COMPLAINT

Plaintiff, Eric J. Richardson, by and through his attorneys, alleges the following against Defendant, Wrigley Manufacturing Company, LLC.

## JURISDICTION

1. This action is brought pursuant to subtitle I, Chap. 126 of the Americans with Disabilities Act, as amended (42 U.S.C. §12111, *et seq*.) . The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law, which rights provide for injunctive and other relief for illegal discrimination in employment.

2. Jurisdiction of this cause arises under 42 U.S.C. §12111, *et seq.* 28 U.S.C. § 1343(4).

3. Plaintiff is an individual and a citizen of the United States who currently resides at P.O. Box 2172, Cleveland, GA 30528.

4. Defendant Wrigley Manufacturing Company, LLC. is a foreign limited liability company as set forth at GA Code §14-11-100 et. seq. and is an employer in Georgia and may be

served with process at its principal place of business located at 4500 Atlanta Highway, Flowery Branch, Georgia 30542.

5. Plaintiff has met all jurisdictional prerequisites pursuant to 42 U.S.C. §12117 and 42 U.S.C. §2000e-5 to wit:

a. A charge of discrimination (attached hereto as Exhibit A) based on discharge in violation of the Americans with Disabilities Act was filed with the Equal Employment Opportunity Commission. The charge was filed on June 12, 2009.

## FACTS

6. Plaintiff was employed by Wrigley Manufacturing Company, LLC from July 14, 1997 and was terminated April 16, 2009. Plaintiff began his employment as a wrapping machine operator.

7. Plaintiff suffers from Multiple Sclerosis. He was diagnosed with this medical condition in 1999, subsequent to the beginning of his employment with the Wrigley Manufacturing Company, L.L.C. As a result of his condition, plaintiff has to take medication on a daily basis in order to engage in major life activities without significant and disabling impairment or impediment. Even with his medication, plaintiff frequently worked in pain during his employment with Wrigley.

8. At the time of plaintiff's diagnosis with Multiple Sclerosis, he was out of work for a period of four (4) months. Upon being diagnosed with Multiple Sclerosis, plaintiff advised his immediate supervisor as well as company executive staff. In addition he made a claim for benefits through Wrigley's health care program.

9. Defendant, Wrigley Manufacturing Company, LLC, (hereinafter "Wrigley") was, during the time of Plaintiff's employment, self insured for the purpose of providing employee health benefits.

10. Plaintiff was terminated by the Wrigley company on April 16, 2009. The stated basis for his termination was ". . .due to Job Performance." At no time prior to his termination was the Plaintiff advised that his employment was in jeopardy due to his job performance. During the same period that the Wrigley company asserted that Plaintiff's performance was sufficiently deficient to warrant his discharge, Plaintiff received "Assurance Pay", a form of bonus available to employees of the company based on performance. During this same period there were employees similarly situated who did not receive "Assurance Pay" due to low production who were not, like Plaintiff, terminated.

11. During the twenty-four month period from January 2007 to December, 2008, the cost of Plaintiff's daily medication increased from approximately Sixteen hudred dollars ($1600.00) per month to approximately Twenty-six hundred dollars($2600.00) per month.

12. The defendant has asserted that a new method of performance evaluation was instituted approximately two years prior to Plaintiff's discharge. This system is referred to as "management by objectives". At no time prior to his discharge was the Plaintiff advised by management that his reviews under the "management by objectives" method of evaluation could or would result in termination of his employment. Nor were there, at any time, any discussions by management about the impact of Plaintiff's condition on his productivity.

13. Prior to Plaintiff's discharge in April, 2009, Plaintiff, on more than one occasion, requested transfer from his position as a Machine Operator to other positions within the organization that did not have the same performance requirements. Despite being trained in these positions, Plaintiff was denied the opportunity to transfer to said positions while several other employees with less experience and equally poor, or worse, production evaluations were allowed to transfer to said positions.

14. On multiple occasions prior to Plaintiff's termination, the wrapping machine Plaintiff was assigned to operate was down for maintenance, therefore Plaintiff could not operate the machine, thus lowering his production rate. When Plaintiff's wrapping machine would have a mechanical problem a repair person was sent to repair the machine. On multiple occasions Plaintiff complained to his supervisor regarding the quality of the repair work. Specifically, Plaintiff informed his supervisor that the mechanics working on his machines did not know how to properly repair the machine.

15. From January 2009 through April 16, 2009, the date of his termination, Plaintiff was not running the wrapping machine as it was not operational. From January 2009 through the date of his termination Plaintiff was assigned to stack boxes on pallets.

16. During the three and one-half months immediately prior to Plaintiff's termination, he was taken off of production and placed loading boxes on pallets.

## DISCRIMINATION UNDER THE AMERICAN'S WITH DISABILITIES ACT (ADA)

17. The defendant terminated Plaintiff's employment in violation of 42 U.S.C. § 12111 et. seq.

18. The defendant failed to make reasonable accommodations for the effect of Plaintiff's medical condition on his employment by either reasonably adjusting the standard of review regarding his production or moving him upon request to a position within defendant's organization that did not have the same production requirements.

19. Similarly situated employees who did not have Multiple Sclerosis were not subject to the same adverse actions.

20. The actions of Wrigley were intentional, willful and done in reckless disregard for the Plaintiff's legal rights.

## **WRONGFUL TERMINATION**

21. Plaintiff incoporates paragraphs one (1) through twenty (20) of this Complaint by reference.

22. Plaintiff was terminated from his employment because he made use of medical benefits under a company sponsored insurance plan and the increased cost to Wrigley of employee coverage. This termination was in violation of 42 U.S.C. § 12101 *et seq.*

23. Discharging an employee for use of medical benefits under a company provided insurance plan because of the increased cost to the employer of the coverage is contrary to public policy, legislative intent and Federal Law.

WHEREFORE, Plaintiff prays for:

a. an order making the Plaintiff whole by awarding him front pay in an amount deemed appropriate by this Court;

b. an order awarding Plaintiff back pay (including fringe benefits) from the date of the discriminatory acts alleged through the date of trial pursuant to 29 U.S.C. § 626(b), 42 U.S.C. § 1981a *et. seq.* and 42 U.S.C. §12117(a);

c. an order awarding Plaintiff prejudgment and post judgment interest in an amount and at a rate to be determined at the time of trial pursuant to 28 U.S.C. §1961;

d. an order awarding Plaintiff all attorneys' fees, expert witness fees and costs of this action pursuant to 28 U.S.C. §1920, Fed. R. Civ. P. 54(d)and 42 U.S.C. §12205; and

e. an order awarding Plaintiff such other and further relief as this Court deems fit.

Respectfully submitted this 15th day of November, 2010.

|  |  |
|---|---|
|  | S/ Angela R. Morelock |
|  | Angela R. Morelock |
|  | GA Bar No. 521979 |

P.O. Box
Knoxville, TN 37919
(865) 971-4330

|  |  |
|---|---|
|  | S/ Allen Townsend |
|  | Allen Townsend |
|  | GA Bar No. 714950 |

P.O. Box 308
Wildwood, GA 30757
(706) 820-4212

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2010, a copy of the Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

|  |  |
|---|---|
|  | S/ Angela R. Morelock |
|  | Ga Bar No. 521979 |
|  | P.O. Box 11663 |
|  | Knoxville, TN 37939 |
|  | (865) 971-4330 |
|  | (865) 247-0277 (facsimile) |