## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## AT GAINESVILLE

| | | |
|---|---|---|
| **ERIC J. RICHARDSON,** | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| V. | : | CIVIL ACTION FILE |
| | : | NO:  2:10-CV-165-WCO |
| **WRIGLEY MANUFACTURING** | : | |
| **COMPANY, LLC, A SUBSDIARY** | : | |
| **OF MARS COMPANY** | : | **JURY TRIAL DEMAND** |
| | : | |
| DEFENDANT. | : | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

AND NOW COMES, Defendant Wrigley Manufacturing Company, LLC, by and through its counsel Harmon & Davies, P.C., who responds to Plaintiff's Amended Complaint by averring as follows:

### JURISDICTION

1. Denied.  The averments contained in paragraph 1 of Plaintiff's Complaint contain conclusions of law to which no responsive pleading is required and, therefore, the averments are denied.

1

2. Denied. The averments contained in paragraph 2 of Plaintiff's Complaint contain conclusions of law to which no responsive pleading is required and, therefore, the averments are denied.

3. Admitted as stated.

4. Admitted as stated.

5. Admitted as stated.

    a. Admitted as stated.

## FACTS

6. Admitted that Plaintiff was employed by Wrigley Manufacturing Company, LLC from July 14, 1997 and was terminated April 16, 2009. Admitted that Plaintiff began his employment as a wrapping machine operator.

7. Denied. Defendant is without sufficient information or knowledge to substantiate the truth of Plaintiff's allegations that he suffers from Multiple Sclerosis, that he was diagnosed with this medical condition in 1999 subsequent to the beginning of his employment with the Wrigley Manufacturing Company, LLC, that as a result of his condition Plaintiff has to take medication on a daily basis in order to engage in major life activities without significant and disabling impairment or impediment, and that even with his medication, Plaintiff frequently worked in pain during his employment with Wrigley, and therefore denies these allegations. Strict proof at the time of trial, to the extent admissible, is demanded.

8. Denied. Defendant denies that at the time of Plaintiff's diagnosis with Multiple Sclerosis he was out of work for a period of four (4) months. Defendant denies that upon being diagnosed with Multiple Sclerosis, Plaintiff advised his immediate supervisor as well as company executive staff. Defendant is without sufficient information or knowledge to substantiate the truth of Plaintiff's allegation that he made a claim for benefits through Wrigley's health care program, and therefore denies these allegations. Strict proof at the time of trial, to the extent admissible is demanded. By way of further answer, associates' health care expenses are administered by Wrigley Corporate Global Rewards which did not at any time disclose any of Plaintiff's information obtained in administering the health care plan to Defendant.

9. Admitted as stated.

10. Admitted in part, denied in part. Admitted that Plaintiff was terminated by Defendant on April 16, 2009. Admitted that the stated basis for termination was "…due to job performance." Admitted that at no time prior to his termination was Plaintiff advised that his employment was in jeopardy due to his performance. Admitted that during the same period that Defendant asserted that Plaintiff's performance was sufficiently deficient to warrant his discharge, Plaintiff received "Assurance Pay." Admitted that "Assurance Pay" is a form of bonus available to employees of the company; denied that "Assurance Pay" is based on performance.

Denied that during this same period there were employees similarly situated who did not receive "Assurance Pay" due to low production who were not terminated.

11. Denied. Defendant is without sufficient information or knowledge to substantiate the truth of Plaintiff's allegations that during the twenty-four month period from January 2007 to December 2008, the cost of Plaintiff's daily medication increased from approximately sixteen hundred dollars ($1,600.00) per month to approximately twenty-six hundred dollars ($2,600.00) per month, and therefore denies these allegations. Strict proof at the time of trial, to the extent admissible, is demanded.

12. Admitted in part, denied in part. Admitted that Defendant has asserted that a new method of performance evaluation was instituted approximately two years prior to Plaintiff's discharge. Admitted that this system is referred to as "management by objectives." Admitted that at no time prior to his discharge was Plaintiff advised by management that his reviews under the "management by objectives" method of evaluation could or would result in termination of his employment. By way of further answer, Plaintiff was repeatedly told that his performance did not meet expectations. Admitted that there were no discussions at any time by management about the impact of Plaintiff's condition on his productivity.

13. Admitted in part, denied in part. Admitted that prior to Plaintiff's discharge in April 2009, Plaintiff, on more than one occasion, requested transfer from

his position as a Machine Operator to other positions within the organization that did not have the same performance requirements. Admitted that Plaintiff was trained in these positions. Denied that Plaintiff was denied the opportunity to transfer to any positions while several other employees with less experience and equally poor, or worse, production evaluations were allowed to transfer to any positions. By way of further answer, Plaintiff maintained much lower efficiency ratings than the associates selected for the roles.

    14.    Admitted in part, denied in part. Admitted that on multiple occasions prior to Plaintiff's termination, the wrapping machine Plaintiff was assigned to operate was down for maintenance. Admitted that therefore Plaintiff could not operate the machine. Denied that this lowered his production rate. Admitted that when Plaintiff's wrapping machine would have a mechanical problem a repair person was sent to repair the machine. Admitted that on multiple occasions Plaintiff complained to his supervisor regarding the quality of the repair work; however, Defendant denies that the repair work was not satisfactory. Admitted that Plaintiff informed his supervisor that the mechanics working on his machines did not know how to properly repair the machine; however, Defendant denies that the mechanics did not know how to properly repair the machines. By way of further answer, these last two allegations are typical responses of operators when they are not meeting

performance expectations; in addition, all time spent while a machine is being repaired is excluded from calculations of productivity rates.

15. Admitted. Admitted that from January 2009 through April 2009, the date of his termination, Plaintiff was not running the machine as it was not operational. Admitted that from January 2009 through the date of his termination Plaintiff was assigned to stack boxes on pallets.

16. Admitted that during the three and one-half months immediately prior to Plaintiff's termination he was taken off of production and placed loading boxes on pallets.

## ANSWER TO DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT (ADA)

17. Denied. The averments contained in paragraph 17 of Plaintiff's Complaint are denied to the extent that they are conclusions of law, which require no responsive pleading. To the extent further response may be required, it is denied that Defendant terminated Plaintiff's employment in violation of 42 U.S.C. § 12111 *et. seq.*

18. Denied. The averments contained in paragraph 18 of Plaintiff's Complaint are denied to the extent that they are conclusions of law, which require no responsive pleading. To the extent further response may be required, it is denied that Defendant failed to make reasonable accommodations for the effect of Plaintiff's medical condition by either reasonably adjusting the standard of review regarding his

production or moving him upon request to a position within Defendant's organization that did not have the same production requirements.  It is further denied that Defendant was aware of Plaintiff's alleged disability.

19. Denied.  Denied that similarly situated employees who did not have Multiple Sclerosis were not subject to the same adverse actions.

20. Denied.  The averments contained in paragraph 20 of Plaintiff's Complaint are denied to the extent that they are conclusions of law, which require no responsive pleading. To the extent further response may be required, it is denied that the actions of Defendant were intentional, willful and done in reckless disregard for Plaintiff's legal rights.

## ANSWER TO WRONGFUL TERMINATION

21. Defendant hereby incorporates its responses to paragraphs 1 through 20 of this Answer to Plaintiff's Complaint as if fully set forth herein.

22. Denied.  Denied that Plaintiff was terminated from his employment because he made use of medical benefits under a company sponsored insurance plan and the increased cost to Wrigley of employee coverage.  The remaining averments contained in paragraph 22 of Plaintiff's Complaint are denied to the extent that they are conclusions of law, which require no responsive pleading. To the extent further response may be required, it is denied that Plaintiff's termination was in violation of 42 U.S.C. § 12101 *et. seq.*

23. Denied. The averments contained in paragraph 23 of Plaintiff's Complaint are denied to the extent that they are conclusions of law, which require no responsive pleading. To the extent further response may be required, it is denied that Defendant discharged an employee for use of medical benefits under a company provided insurance plan because of the increased cost to the employer of the coverage, and denied that Defendant's actions were contrary to public policy, legislative intent and Federal law.

## ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF

a. Denied that Plaintiff is entitled to an order making him whole by awarding him front pay in any amount;

b. Denied that Plaintiff is entitled to an order awarding him back pay including fringe benefits due to alleged discriminatory acts for any period of time pursuant to 42 U.S.C. § 1981a et. seq. and 42 U.S.C § 12117(a);

c. Denied that Plaintiff is entitled to an order awarding him prejudgment and post judgment interest in any amount or at any rate for any period of time pursuant to 28 U.S.C. § 1961;

d. Denied that Plaintiff is entitled to an order awarding him all attorney's fees, expert witness fees or costs of this action pursuant to 28 U.S.C. § 1920, Fed. R. Civ. Pro. 54(d) or 42 U.S.C. § 12205;

  e. Denied that Plaintiff is entitled to an order awarding any other relief.

**WHEREFORE,** Defendant Wrigley Manufacturing Company, LLC hereby requests that this Honorable Court enter judgment on its behalf, dismissing Plaintiff Eric J. Richardson's claims in whole or in part with prejudice.

## AFFIRMATIVE DEFENSES

Defendant hereby incorporates its responses to paragraphs 1 through 23 of this Answer to Plaintiff's Complaint as if fully set forth herein.

24. The Plaintiff has failed to state a claim for which relief may be granted.

25. Plaintiff's claims are barred by the applicable Statutes of Limitations.

26. Plaintiff's claims are barred by the Doctrine of Latches.

27. Plaintiff has failed to mitigate his damages.

28. Plaintiff has failed to exhaust all necessary administrative remedies prior to initiating this action.

29. All actions taken by Defendant were consistent with Defendant's policies and were not based upon any discriminatory considerations.

30. Plaintiff does not have a disability.

31. Plaintiff does not have a record of a disability.

32. Plaintiff was not regarded as having a disability by Defendant.

33. Defendant had no actual or constructive knowledge of Plaintiff's alleged disability.

34. Plaintiff did not timely notify Defendant of any alleged disability.

35. Plaintiff was not qualified to perform his job with or without a reasonable accommodation.

36. Plaintiff was unable to perform the essential functions of his job.

37. Defendants' performance standard is job-related and consistent with business necessity.

38. Plaintiff did not request a reasonable accommodation.

39. Defendant had no actual or constructive knowledge of Plaintiff's need for a reasonable accommodation.

40. No reasonable accommodations were available to enable Plaintiff to perform the essential functions of his job.

41. A reasonable accommodation could not be provided without imposing an undue hardship on Defendant.

42. Defendant had a legitimate, non-discriminatory business reason for terminating Plaintiff.

43. Without admitting that any improper motive played a role, Defendant would have made the same decision even if it the alleged improper motive did play a role.

44. Defendant treated Plaintiff the same as similarly situated employees.

                              Respectfully submitted,

HARMON & DAVIES, P.C.

/s/ Thomas R. Davies
Thomas R. Davies, Esquire
*Admitted Pro Hac Vice*

/s/ Laura Bailey Gallagher
Laura Bailey Gallagher, Esquire
*Admitted Pro Hac Vice*

HARMON & DAVIES, P.C.
2306 Columbia Avenue
Lancaster, PA 17603
Telephone: (717) 291-2236
Facsimile: (717) 291-5739

WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.

/s/ Danette Joslyn-Gaul
Rhonda L. Klein, Esquire
Georgia Bar No. 425074
J. Danette Joslyn-Gaul, Esquire
Georgia Bar No. 405430

WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.
Lenox Towers, Suite 400
3400 Peachtree Road
Atlanta, GA  30326
Telephone:  (404) 365-0900
Facsimile:  (404) 261-3707
*Attorneys for Defendant*

## **CERTIFICATION**

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendants hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point font) in accordance with Local Rule 5.1B.

So certified this 23rd day of June 2011.

                                          **/s/ Danette Joslyn-Gaul**
                                          Danette Joslyn-Gaul
                                          Georgia Bar No.:  405430

                                          *Attorney for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
AT GAINESVILLE**

| | | |
|---|---|---|
| ERIC J. RICHARDSON, | : | |
| | : | |
| PLAINTIFF, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. |
| | : | 2:10-CV-165-WCO |
| WRIGLEY MANUFACTURING | : | |
| COMPANY, LLC, A SUBSDIARY | : | |
| OF MARS COMPANY | : | **JURY TRIAL DEMAND** |
| | : | |
| DEFENDANT. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2011, I electronically filed *DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT* with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Angela Renee Morelock, Esq.          Rhonda L. Klein, Esq.
Thomas R. Davies, Esq.               Danette Joslyn-Gaul, Esq.
Laura Bailey Gallagher, Esq.

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

Allen Franklin Townsend, Esq.
Office of Allen F. Townsend
P.O. Box 308
Wildwood, GA  30757

            /s/ Danette Joslyn-Gaul
            Danette Joslyn-Gaul, Esq.

WIMBERLY, LAWSON, STECKEL,
SCHNEIDER & STINE, P.C.
Lenox Towers, Suite 400
3400 Peachtree Road
Atlanta, GA  30326
404-365-0900
djg@wimlaw.com